UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FUTURE LEGENDS, LLC, a Nevada limited liability company, | Case No. 1:22-cv-2672 |
| Plaintiff, | Hon. |
| v | Removed from Weld County District Court Case No. 2022CV30676 |
| QUALITE SPORTS LIGHTING, LLC, a Delaware limited liability company, QUALITE SPORTS LIGHTING, LLC, a Colorado limited liability company, WORTH HOLDINGS, LLC, a Delaware limited liability company, WORTH INVESTMENT GROUP, LLC, a Delaware limited liability company; WORTH CAPITAL LLC, a Michigan limited liability company, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants, Qualite Sports Lighting, LLC, Worth Holdings, LLC, Worth Investment Group, LLC, and Worth Capital LLC (collectively the "Defendants"), by and through their attorneys, Campbell Litigation, P.C., hereby removes Case No. 2022cv30676, *Future Legends, LLC v Qualite Sports Lighting, LLC et. al*, an action from the District Court of Weld County in the State of Colorado ("State Court Action"), to the United States District Court for the District of Colorado. Defendants remove the State Court Action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is proper because the amount in controversy exceeds Seventy-five Thousand and 00/100 Dollars ($75,000.00) and there is diversity of citizenship among the parties.

**PROCEDURAL BACKGROUND**

1. On September 9, 2022, Plaintiff Future Legends, LLC ("Plaintiff" or "Future Legends") filed a seven count Complaint in the State Court Action asserting state law claims against Defendants for breach of contract, breach of the covenant of good faith and fair dealing, negligence, unjust enrichment, declaratory judgment for excessive lien, negligent misrepresentation, and promissory estoppel. A true and accurate copy of the Complaint is attached hereto as **Exhibit A** and is incorporated herein by reference. A true and accurate copy of the Civil Cover Sheet is attached hereto as **Exhibit B**.

2. Future Legends served Defendants its Summons and Complaint on September 19, 2022.

3. Defendants have not yet responded to Future Legend's Complaint and the time for answering the Complaint has not yet expired. No further proceedings have occurred in the State Court Action.

**REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

4. Pursuant to 28 U.S.C. § 1332(a)(1), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

5. "For diversity purposes, a limited liability company 'takes the citizenship of all its members.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (citing *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

6. As a limited liability company, Plaintiff has the citizenship of its individual members. *Id.* Plaintiff alleges that it is a Nevada limited liability company authorized to conduct

business in Colorado, with its principal place of business located at 4558 Sherman Oaks Avenue, Sherman Oaks, CA 91403.

7. According to Plaintiff's filings with the State of Nevada, where Plaintiff is organized, the only officer(s) of the company listed is Jeff Katofsky, whose address currently is 4558 Sherman Oaks Ave., Sherman Oaks, CA 91403. **Exhibit C**.  Such officer and address information were last updated on May 11, 2022.  Therefore, the only known member of Plaintiff, is Jeff Katofsky – currently a California resident and citizen.

8. Jeff Katofsky is also the person who signed the Cover Sheet for Plaintiff's Complaint in **Exhibit B** stating that Plaintiff is seeking a monetary judgment against another party of more than $100,000.00 exclusive of interest and costs.

9. Defendant Qualite Sports Lighting, LLC ("Qualite CO"), is a Colorado limited liability company and has one member, Eric Boorom, who is a Michigan resident. Therefore, Qualite CO is a Michigan resident for purposes of establishing diversity.

10. Defendant Qualite Sports Lighting, LLC ("Qualite"), is a Delaware limited liability company and has one member: Worth Holdings, LLC.

11. Worth Holdings, LLC ("Worth Holdings") is a Delaware limited liability company and has one member: Worth Investment Group, LLC.

12. Worth Investment Group, LLC ("Worth Investment") is a Delaware limited liability company and has one member: Worth Capital, LLC.

13. Worth Capital, LLC ("Worth Capital") is a Michigan limited liability company and has one member: Eric Boorom, a Michigan resident and citizen.  Therefore, Worth Capital is a Michigan resident.

14. Because a limited liability company has the citizenship of its individual members, the corporate structure and relationships between the Defendants in this case yields the conclusion that each entity named as a Defendant is a citizen of Michigan.

15. Therefore, there is diversity citizenship among the parties because all the Defendants are citizens of Michigan, and the Plaintiff and its members, are not to be residents of Michigan.

16. Pursuant to 28 U.S.C. § 1446(c)(2),

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
> >
> > …
> >
> > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> > **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

17. The State Court Action does not appear to require that a specific sum be demanded. Nonetheless, Future Legends alleges in its Complaint several causes of action demonstrating the amount in controversy exceeds Seventy-five Thousand and 00/100 Dollars ($75,000.00).

18. First, Future Legends has asserted a claim for breach of contract, whereby the total contract price at issue was $3,471,196.00. **Exhibit A**, ¶ 13, 37-45. Future Legends alleges that Defendants have been paid $654,507 under the contract but have only completed a "very small portion of the total scope of work that Qualite agreed to perform." *Id*. at ¶ 22, 29.

19. Further, Future Legends alleges that despite Defendants "being paid $654,507.00, Qualite has completed less than 10% of the scope of work, a full year past its deadline to complete the full scope of work." *Id*. at 65. Thus, Future Legends alleges that it is "entitled to restitution in amount to be proven." *Id*. at 68.

20. Lastly, the Cover Sheet for Plaintiff's Complaint in **Exhibit B** states that Plaintiff is seeking a monetary judgment against another party of more than $100,000.00 exclusive of interest and costs. Thus, it is clear the amount in controversy in the State Court Action exceeds $75,000, exclusive of interest and costs.

21. While Defendants dispute the above-referenced claims, and the other causes of actions listed in the Complaint, the amounts in controversy, as alleged, exceed the amount in controversy requirement under 28 U.S.C. §§ 1332 and 1446.

22. Accordingly, the State Court Action is removable because this Court has jurisdiction based on diversity of citizenship and because the amount in controversy exceeds $75,000.00.

## NOTICE OF REMOVAL IS TIMELY AND PROPER

23. This Notice of Removal is timely filed within 30 days after receipt of the initial pleading, in accordance with 28 U.S.C. § 1446(b).

24. Venue of this civil action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1441(a).

25. Defendants will file a Notice of Filing Notice of Removal with the Weld County District Court for the State of Colorado, promptly after filing this Notice of Removal. Defendants will also provide prompt notice of the filing of this Notice of Removal to all known counsel of record in accordance with 28 U.S.C. § 1446(d).

26. Attached to this Notice of Removal are all executed process papers and pleadings. There are no orders issued by the state court.

27. For the foregoing reasons, this Court has diversity jurisdiction over this lawsuit and removal is proper.

WHEREFORE, Defendants respectfully removes the State Court Action to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 and respectfully requests that this Court exercise its jurisdiction over this action and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 11, 2022   By:   /s/ *Stacey A. Campbell*
Stacey A. Campbell, Reg. # 38378
Cameron Baker, Reg. # 55479
Campbell Litigation, P.C.
*Attorneys for Defendants*
1410 N. High Street
Denver, CO 80218
Main: (303) 536-1833
Stacey@campbell-litigation.com
Cameron@campbell-litigation.com

## CERTIFICATE OF SERVICE

I certify that on October 11, 2022, a copy of the foregoing instrument and a copy of the state court *Notice of Removal* was served on the following counsel of record via First Class Mail in accordance with the Federal Rules of Civil Procedure and a copy was also served by Email:

David M. "Merc" Pittinos, Reg. #28653
Jennifer Knight Land, Reg. #53633
Moye White LLP
*Attorneys for Plaintiff*
1400 16th Street, 6th Floor
Denver, CO 80202
(303) 292-7945
merc.pittinos@moyewhite.com
jennifer.lang@moyewhite.com

*/s/ Carolyn B. Heyer*
Carolyn B. Heyer, Paralegal