# Exhibit A

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, STATE OF COLORADO<br><br>P.O. Box 2038<br>915 Tenth Street<br>Greeley, Colorado 80632-2038<br>(970) 475-2400 | |
| **Plaintiff:** FUTURE LEGENDS, LLC, a Nevada limited liability company,<br><br>v.<br><br>**Defendants:** QUALITE SPORTS LIGHTING, LLC, a Delaware limited liability company; and QUALITE SPORTS LIGHTING, LLC, a Colorado limited liability company; WORTH HOLDINGS, LLC, a Delaware limited liability company; WORTH INVESTMENT GROUP, LLC, a Delaware limited liability company; WORTH CAPITAL, LLC, a Michigan limited liability company | ▲ COURT USE ONLY ▲ |
| *Attorneys for Future Legends, LLC*<br>David M. "Merc" Pittinos, #35732<br>Jennifer Knight Lang, #50034<br>MOYE WHITE, LLP<br>1400 Sixteenth Street, 6th Floor<br>Denver, Colorado 80202<br>Phone: (303) 292-2900; Fax: (303) 292-4510<br>merc.pittinos@moyewhite.com<br>jennifer.lang@moyewhite.com | Case No.: 2022cv30676<br><br>Division: 4 |
| **DISTRICT COURT CIVIL SUMMONS TO QUALITE SPORTS LIGHTING, LLC** | |

**TO THE ABOVE NAMED DEFENDANT:**
QUALITE SPORTS LIGHTING, LLC, a Colorado limited liability company

Qualite Sports Lighting, LLC
215 W. Mechanic Street
Hillsdale, MI 49242

Qualite Sports Lighting, LLC
c/o Registered Agent
Northwest Registered Agent, LLC
1942 Broadway Street, Suite 314C
Boulder, CO 80302

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

DATED: September 16, 2022.

Respectfully submitted,

**MOYE WHITE LLP**

By: *s/ Jennifer Knight Lang*
David M. "Merc" Pittinos (#35732)
Jennifer Knight Lang, (#50034)
*Attorneys for Defendant Future Legends LLC*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

WARNING: A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, STATE OF COLORADO<br><br>P.O. Box 2038<br>915 Tenth Street<br>Greeley, Colorado 80632-2038<br>(970) 475-2400 | DATE FILED: September 8, 2022 3:57 PM<br>FILING ID: F851FA3458040<br>CASE NUMBER: 2022CV30676 |
| **Plaintiff:** FUTURE LEGENDS, LLC, a Nevada limited liability company,<br><br>v.<br><br>**Defendants:** QUALITE SPORTS LIGHTING, LLC, a Delaware limited liability company; and QUALITE SPORTS LIGHTING, LLC, a Colorado limited liability company; WORTH HOLDINGS, LLC, a Delaware limited liability company; WORTH INVESTMENT GROUP, LLC, a Delaware limited liability company; WORTH CAPITAL, LLC, a Michigan limited liability company | ▲ COURT USE ONLY ▲ |
| *Attorneys for Future Legends, LLC*<br>David M. "Merc" Pittinos, #35732<br>Jennifer Knight Lang, #50034<br>MOYE WHITE, LLP<br>1400 Sixteenth Street, 6th Floor<br>Denver, Colorado 80202<br>Phone: (303) 292-2900; Fax: (303) 292-4510<br>merc.pittinos@moyewhite.com<br>jennifer.lang@moyewhite.com | Case No.: _____<br><br>Division: _____ |
| **COMPLAINT** | |

Plaintiff Future Legends, LLC, by and through its attorneys, Moye White LLP, hereby submits its Complaint against Qualite Sports Lighting, LLC, Worth Holdings, LLC, Worth Investment Group, LLC, and Worth Capital, LLC, and states as follows:

## Introduction

1. The Future Legends Sports Park is a 118-acre sports park currently under construction in Windsor, Colorado (the "Project"). Plaintiff Future Legends, LLC ("Future Legends") contracted with Qualite Sports Lighting, LLC ("Qualite") to design and build comprehensive sport and site lighting for the Project ("Lighting System"). Qualite failed to

adequately design or build the Lighting System, causing significant delays in the installation of lighting on the Project and substantial increased costs to Future Legends.

## Parties, Jurisdiction, and Venue

2. Future Legends, LLC is a Nevada limited liability company authorized to conduct business in Colorado, with a principal office street address of 4558 Sherman Oaks Avenue, Sherman Oaks, CA 91403.

3. Defendant Qualite Sports Lighting, LLC is a Delaware limited liability company with a principal office street address of 215 W. Mechanic Street, Hillsdale, MI 49242. This entity was organized under the laws of Delaware on June 9, 2011.

4. Defendant Qualite Sports Lighting, LLC is a Colorado limited liability company with a principal office street address of 215 W. Mechanic Street, Hillsdale, MI 49242. This entity was organized under the laws of the State of Colorado on February 17, 2021.

5. Worth Holdings, LLC is a Delaware limited liability company with a principal office street address of 215 W. Mechanic Street, Hillsdale, MI 49242.

6. Worth Investment Group, LLC is a Delaware limited liability company with a registered agent address of c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7. Worth Capital, LLC is a Michigan limited liability company with a principal office street address of 215 W. Mechanic Street, Hillsdale, MI 49242.

8. Upon information and belief, Qualite's sole member is Worth Holdings, LLC and its sole member is Worth Investment Group, LLC. Worth Investment Group, LLC's sole member is Worth Capital, LLC, and its sole member is Eric Boorom.

9. Worth Holdings, LLC, Worth Investment Group, LLC, and Worth Capital, LLC are referred to collectively as "Worth." Eric Boorom is the only person authorized to act on behalf of Worth.

10. This Court has subject matter jurisdiction under COLO. CONST. ART. 6, § 9 and personal jurisdiction over the parties under C.R.S. § 13-1-124.

11. Venue is proper under C.R.C.P. 98.

## General Allegations

12. Future Legends is the developer of the sports park known as the Future Legends Sports Park in Windsor, Colorado.

2

13. On or about August 10, 2020, Qualite (the Delaware limited liability company) entered into a contract with Future Legends (the "Contract") to design and construct all sport and site lighting for the Project for a total contract price of $3,471,196.00. In correspondence dated June 14, 2022, Qualite's counsel acknowledged that Qualite entered the Contract. Previously, Worth denied that Qualite had entered a contract with Future Legends.

14. Worth, via Eric Boorom, represented that Qualite was qualified and capable of performing the work pursuant to the Contract, including both the design and construction of the sport and site lighting for the Project, and could provide Future Legends with a fully integrated turn-key solution for its Lighting System. This included having sufficient staffing to design the Lighting System and a construction crew to construct the Lighting System.

15. Pursuant to the Contract, Qualite agreed to "use its diligent efforts to perform the Trade Contract Work in an expeditious manner consistent with the Trade Contract Documents."

16. The Contract includes the Owner's Program (Exhibit A to the Contract) and the Trade Contract Documents.

17. The Contract requires Qualite to "provide all of the labor, materials, equipment, and services necessary to complete the Trade Contract Work" as defined therein.

18. Pursuant to the Contract, Qualite's scope included "full Design-Build services for sport and site lighting for the Future Legends Sports Park in Windsor, Colorado" and required Qualite "to Design-Build a comprehensive cost-effective sport and site lighting plan for the Future Legends development."

19. The Trade Contract Work specifically included installation of electrical raceways and wiring and all final electrical connections for the entire lighting project, including the excavation and backfill required for the installation of all lights.

20. Pursuant to the Contract, Qualite agreed that it was responsible for verifying that the Lighting System and all equipment would meet local, state, and national codes.

21. The Construction Schedule obligated Qualite to complete the work as follows:

(a) complete lighting for Fields 1, 4, 10, and 11 (Miracle, Collegiate, and Multi-Use) by February 2021;

(b) complete lighting for Fields 2, 3, 6, and 9 (West Baseball) and 17, 18, 19, and 20 (East Multi-Use) by April 2021; and,

(c) complete the lighting for Fields 12, 13, 14, 15, and 16 (East Soccer) by July 2021.

22. To date, more than one year after the completion deadline, Qualite has only completed Fields 10 and 11 and part of the West parking lot. This work constitutes a very small portion of the total scope of work that Qualite agreed to perform.

3

23. Qualite failed to design the site and Lighting System to meet the requirements of the Contract and applicable code.

24. Qualite persistently failed to obtain the proper permits necessary to perform the work.

25. Qualite substantially delayed its work and failed to comply with the agreed Construction Schedule.

26. Qualite refused to provide information to Future Legends as to the causes of the delays or proposed solutions to complete the Lighting System.

27. Qualite accepted payments but failed to install the Lighting System or perform sufficient preparatory work on the Project for the Lighting System.

28. With amounts Qualite was paid, Qualite claims that it purchased materials for the Project, but has not delivered the materials to the Project that it claimed to have purchased.

29. To date, Qualite has accepted $654,507.00 of payment but has only completed a small portion of its scope of work more than a year past its scheduled completion date for the entire project.

30. Qualite failed to install underground electrical wiring for the Lighting System as required by the Contract and failed to follow the Construction Schedule for such installation, which now will require excavation or boring under areas which are now otherwise complete, causing significant cost increase to complete the Project.

31. On May 23, 2022, Future Legends provided Qualite with a seven-day Notice to Cure Default pursuant to Section 11.2.1 of the Contract, identifying Qualite's repeated failures to meet its obligations to perform the Trade Contract Work as specified in the Contract and in accordance with the Construction Schedule, constituting default.

32. On June 1, 2022, Future Legends provided Qualite with a Notice of Intent to Terminate, giving written notice pursuant to Section 11.3 of the Contract that Future Legends would terminate the Contract for default absent appropriate corrective action within fourteen days.

33. Qualite failed to commence and satisfactorily continue correction of its default as set forth in the Notice to Cure and Notice of Intent to Terminate.

34. On August 2, 2022, Future Legends provided Qualite with a Notice of Termination pursuant to Section 11.3 of the Contract due to Qualite's default.

35. Section 11.3.1 of the Contract states:

If, within seven (7) Days of receipt of a notice to cure pursuant to section 11.2, Trade Contractor fails to commence and satisfactorily continue correction of the

4

default set forth in the notice to cure, Owner may notify Trade Contractor that it intends to terminate this Agreement for default absent appropriate corrective action within fourteen (14) additional Days. After the expiration of the additional fourteen (14) Day period, Owner may terminate this Agreement by written notice absent appropriate corrective action. Termination for default is in addition to any other remedies available to Owner under section 11.1. If Owner's cost arising out of Trade Contractor's failure to cure, including the cost of completing the Trade Contract Work and reasonable attorneys' fees, exceeds the unpaid Trade Contract Price, Trade Contractor shall be liable to Owner for such excess costs. If Owner's costs are less than the unpaid Trade Contract Price, Owner shall pay the difference to Trade Contractor. In the event Owner exercises its rights under this section, upon the request of Trade Contractor Owner shall furnish to Trade Contractor a detailed accounting of the cost incurred by Owner.

36. Future Legends' costs arising from Qualite's failure to cure its default substantially exceed the Contract price.

## First Claim for Relief
### Breach of Contract - Qualite

37. Future Legends incorporates by reference all averments contained within its Complaint.

38. The Contract, including all exhibits, the Owner's Program and the Trade Contract Documents, is a valid and binding contractual agreement.

39. Future Legends complied with its contractual obligations to Qualite.

40. Qualite materially breached the Contract by failing to design the Lighting System sufficient to meet the requirements of the Contract and applicable code.

41. Qualite materially breached the Contract by failing to obtain the permits required for the work.

42. Qualite materially breached the Contract by failing to perform its work in compliance with the Construction Schedule.

43. Qualite materially breached the Contract by failing to install the underground electrical wiring, which now requires destruction of completed work, underground boring, or both in order to complete the Project.

44. Qualite materially breached the Contract by failing to complete more than a small portion of the work a full year past its deadline to complete its full scope of work.

45. Qualite's material breaches of Contract have caused and continue to cause Future Legends to incur damages in an amount to be proven.

5

## Second Claim for Relief
### Breach of the Covenant of Good Faith and Fair Dealing - Qualite

46. Future Legends incorporates by reference all averments contained within its Complaint.

47. Qualite had both an express and implied duty of good faith and fair dealing to Future Legends and to the Project.

48. Upon information and belief, Qualite knew early in its design and construction of the Lighting System that it could not perform its scope of work in accordance with the Contract.

49. Despite Future Legends' repeated requests for information and updates regarding Qualite's progress on the design and construction of the Lighting System, Qualite refused to provide answers to Future Legends as to the causes of the delays and refused to provide any solutions to resolve the delays and complete the Lighting System in a timely manner.

50. Qualite knowingly allowed delays to continue and made no effort to cooperate to rectify the situation.

51. Qualite accepted payment, including for a substantial amount of materials which it knew it would not furnish to the Project for the Lighting System.

52. Qualite breached both its express and implied covenant of good faith and fair dealing.

53. Qualite's breaches have caused and continue to cause Future Legends to incur damages in an amount to be proven.

## Third Claim for Relief
### Negligence - Qualite

54. Future Legends incorporates by reference all averments contained within its Complaint.

55. As the lighting contractor on the Project and manufacturer of components of the Lighting System, Qualite owed Future Legends a duty to exercise reasonable care in its supervision, coordination, and construction of its scope of work and to act reasonably in the design, manufacture, and sale of the Lighting System.

56. Qualite's duty of care included the duty to ensure that all work it performed on the Project was performed in accordance with industry standards, applicable codes, and the plans and specifications.

6

57. Qualite's duty of care included the duty to ensure that the construction it performed was performed in a good and workmanlike manner and free from defects, suited for its reasonably anticipated uses and to act reasonably in the design, manufacture, and sale of the Lighting System.

58. Qualite breached its duty of care by failing to install the underground electrical wiring for the Lighting System and by failing to act reasonably in the design, manufacture, and sale of the Lighting System.

59. Qualite breached its duty of care by failing to follow the Construction Schedule and install the underground electrical wiring in a way properly sequenced with the rest of the Project.

60. Due to Qualite's failure to install the wiring, completion of the site lighting installation now requires excavation of completed portions of the Project, at significantly increased cost.

61. Qualite breached its duty of care by failing to design the Lighting System sufficient to meet the requirements of the Contract and applicable code.

62. Qualite's work falls below the standard of care for construction professionals in Colorado and its negligence has caused Future Legends damages in an amount to be proven.

### Fourth Claim for Relief
#### Unjust Enrichment - Qualite

63. Future Legends incorporates by reference all averments contained within its Complaint.

64. Qualite has accepted payment of $654,507.00 for the Project.

65. Despite being paid $654,507.00, Qualite has completed less than 10% of its scope of work, a full year past its deadline to complete the full scope of work.

66. Of the money paid to Qualite, a significant portion should have been for purchase of materials for the Lighting System, but only a limited amount of material has been delivered to the Project.

67. Qualite has accepted payment for materials and work that it has not provided to the Project and is thus unjustly enriched. As a result, it would be unjust for Qualite to retain the benefit without paying restitution to Future Legends, especially since Worth denied that Qualite entered the Contract with Qualite.

68. Future Legends is entitled to restitution in an amount to be proven.

7

## Fifth Claim for Relief
### Declaratory Judgment for Excessive Lien - Qualite

69. Future Legends incorporates by reference all averments contained within its Complaint.

70. Qualite recorded a Statement of Lien with the Clerk and Recorder of Weld County, Colorado on July 22, 2022, at reception number 4843760, in the amount of $463,000.00 (the "Lien").

71. Qualite filed the Lien in an amount greater than any amount due, with knowledge that the amount claimed is greater than any amount due.

72. The amounts Qualite has been paid to date exceed the value of the work and materials it has provided to the Project for the Lighting System.

73. There is no reasonable possibility that the amount Qualite claims in the Lien is due, and Qualite was aware of that fact at the time of filing the Lien.

74. The Lien is excessive as defined by C.R.S. § 38-22-128.

75. By filing an excessive lien, Qualite has forfeited all rights to lien amounts claimed and shall be liable to Future Legends in an amount equal to the costs and attorneys' fees associated with this action.

## Sixth Claim for Relief
### Negligent Misrepresentation – Qualite and Worth

76. Future Legends incorporates by reference all averments contained within its Complaint.

77. Worth, in the course of its business and during negotiations with Future Legends, misrepresented that Qualite was qualified, experienced, and capable of performing the work of design and installation of the Lighting System for the Project. This included having sufficient staffing to design and construct the Lighting System.

78. Worth and Qualite misrepresented that Qualite was capable of performing the scale of work required for the Lighting System on the Project, within the timeframe required, and in compliance with all applicable local and state codes and regulations.

8

79. Worth and Qualite, in order to induce Future Legends to enter into a contract with Qualite, misrepresented material facts without exercising reasonable care to assess the scope of the Project or the realities of Qualite's capabilities to perform the work.

80. Worth and Qualite had knowledge that their representations would be relied upon by Future Legends when entering into the Contract with Qualite.

81. Future Legends justifiably relied upon Worth's and Qualite's misrepresentations to the detriment of Future Legends.

82. Worth and Qualite's negligent misrepresentations have caused and continue to cause Future Legends to incur damages in an amount to be proven.

## Seventh Claim for Relief
### Promissory Estoppel – Worth

83. Future Legends incorporates by reference all averments contained within its Complaint.

84. At the time of execution of the Contract, and leading up to execution of the Contract, Worth made a clear, definite, and unequivocal promise that Qualite was capable of completing the design and installation of sport and site lighting on the Project and had sufficient staffing to design and construct the Lighting System.

85. Future Legends reasonably relied upon Worth's promise that Qualite would complete its scope of work.

86. Qualite failed to design the Lighting System sufficient to meet the requirements of the Project and the applicable code.

87. Throughout its work on the Project, Qualite continuously failed to obtain proper permits and failed to comply with the Construction Schedule.

88. Throughout its work on the Project, Qualite demonstrated that it and its team was not sufficiently qualified or capable of performing the design and installation of the Lighting System, as Worth promised. In 2022, Worth denied that Qualite had a contract with Future Legends.

89. Worth should have reasonably expected that its promises would induce Future Legends to act in reliance on such promises.

90. Worth's promises and violations of those promises have caused and continue to cause Future Legends damages in an amount to be proven, and such promises must be enforced to prevent injustice to Future Legends.

WHEREFORE, Plaintiff Future Legends respectfully requests that this Court enter judgment (a) holding that Qualite breached the Contract with Future Legends and for damages

based upon this breach of contract in an amount to be proven; (b) holding that Qualite breached the covenant of good faith and fair dealing and is liable for damages based upon this breach in an amount to be proven; (c) holding that Qualite was negligent in is liable for its negligence; (d) holding that Qualite has been unjustly enriched and is liable for damages in the amount it has been unjustly enriched in an amount to be proven; (e) declaring Qualite's Lien excessive and invalid; (f) holding Worth and Qualite liable for negligent misrepresentation; (g) holding Worth liable for promissory estoppel; and (h) for attorney's fees, costs, and pre- and post-judgment interest to the full extent allowed by law, and such other relief that this Court deems just and proper.

Respectfully submitted this 8th day of September, 2022.

MOYE WHITE LLP

By: *s/ David M. "Merc" Pittinos*
David M. "Merc" Pittinos (#35732)
Jennifer Knight Lang, (#50034)

*Attorneys for Defendant Future Legends LLC*